IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                          Crim. No. 21-314-JB

ALONSO ESTRADA,

    Defendant.

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER OF DETENTION

The United States of America respectfully files this response opposing Alonso Estrada's ("Defendant") "Sealed Opposed Motion for Magistrate Judge's Reconsideration of Order of Detention" (doc. 31) ("Motion") in which he appeals the Honorable John F. Robbenhaar's ("the magistrate court's") order that he be detained pending trial, entered May 11, 2021. Doc. 18.

### I.    LEGAL STANDARD

18 U.S.C. § 3142 governs detention and release issues. Conditions of release must both "reasonably assure the appearance" of the defendant and "the safety of any other person and the community." 18 U.S.C. § 3142(g). In determining whether conditions of release can be fashioned, the court must consider the following factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim, (2) the weight of the evidence against the defendant, (3) the defendant's history and characteristics, including ties to the community, employment, financial resources, criminal history, history of alcohol or substance abuse, and record concerning appearance at court proceedings, and (4) the

nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  § 3142(g)(1) – (4).

## II.     ARGUMENT

Defendant requests that the Court reconsider his original order of detention and does so on the basis that new evidence has come to light pertaining to the carjacking charge and associated § 924(c) firearms charge.  *See* doc. 31.  However, a full review of the § 3142(g) factors illustrates that Defendant represents both a danger to the community and a risk of flight.

Defendant is charged with carjacking, brandishing a firearm in furtherance of a crime of violence, and being a felon in possession of a firearm.  Doc. 4.  These charges stem from a December 2020 incident in which Defendant was found by officers with the Albuquerque Police Department in a vehicle that did not belong to him and that had been reported stolen.  When officers attempted to conduct a traffic stop of the vehicle, Defendant attempted to flee at a high rate of speed.  Defendant eventually stopped the vehicle, ran and jumped over a motel fence, and reached for something in his waistband.  Officers located a firearm within a few yards of where they ultimately detained Defendant.

Defendant has provided the United States with information that he asserts undermines the carjacking charge and associated § 924(c) firearms charge.  Defendant is correct that there is no rebuttable presumption that is associated with the felon in possession charge, but importantly, that does not diminish the strength of the United States' case as it pertains to the felon in possession charge.  If this case were to proceed to trial, the United States would present strong evidence that Defendant was a prohibited person and attempted to discard a firearm while he was trying to flee from law enforcement in a stolen vehicle.

Regarding Defendant's history and characteristics, the pretrial services report (doc. 14) indicates that he has a criminal history dating back to 2008. He has convictions for conspiracy to import marijuana, attempt to commit trafficking, and trafficking controlled substances. The report is littered with probation violations, new arrests, and bench warrants, illustrating Defendant's refusal to comply with court orders. The most recent is an unsatisfactory discharge from probation, a mere nine months from this offense occurring.

A convicted felon in possession of a firearm represents a danger to the community. A convicted felon in possession of a firearm and a stolen vehicle who attempts to flee from law enforcement at high rates of speed represents a more substantial danger to the community. And further, Defendant represents a flight risk due to his numerous violations of previous court orders.

### III.   CONCLUSION

For these reasons, the United States encourages the Court to deny Defendant's Motion and order his continued detention pending trial.

        Respectfully submitted,

        ALEXANDER M.M. UBALLEZ
        United States Attorney

        /s/
        JAYMIE L. ROYBAL
        Assistant United States Attorney
        P.O. Box 607
        Albuquerque, N.M. 87103
        (505) 224-1413

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused defense counsel, Donald Kochersberger and Alicia McConnell, to be served by electronic means, as reflected on the Notice of Electronic Filing as indicated therein on June 7, 2022.

/s/
Jaymie L. Roybal
Assistant United States Attorney